Filed 5/1/13  P. v. Hicks CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B241545 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA095031) |
| v. | |
| JIM HENRY HICKS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven D. Blades, Judge.  Affirmed.

Jim Henry Hicks, in pro. per., and Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Jim Henry Hicks appeals from the judgment entered following his conviction, after a jury trial, for petty theft with prior theft-related convictions. No meritorious issues have been identified following a review of the record by Hicks's appointed counsel and our own independent review of the record and analysis of the contentions presented by Hicks in a handwritten supplemental brief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Jim Henry Hicks was charged with stealing a television and other merchandise from a Wal-Mart store and threatening a loss prevention officer with a cane. The amended information charged the offenses of petty theft with an allegation he had suffered three prior theft-related convictions (two for receiving stolen property and one for theft with a prior theft-related conviction) (Pen. Code, §§ 484, subd. (a), 666, count 1)[1], criminal threat (§ 422, count 2) and assault with a deadly weapon (§ 245, subd. (a)(1), count 3). The information further alleged that Hicks had suffered a 1980 robbery conviction qualifying as a strike (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)); that he had suffered a serious felony conviction within the meaning of section 667, subdivision (a); and that he had served a separate prison term for a felony (§ 667.5, subd. (b)). Represented by appointed counsel, Hicks pleaded not guilty to the charges and denied the special allegations.

Hicks admitted his three prior convictions for purposes of section 666 (elevating the current petty theft charge to a felony) before trial. The trial court granted Hicks's motion for a bifurcated jury trial on the prior conviction allegations.

At the conclusion of the trial, the jury convicted Hicks of committing petty theft (count 1) as charged, but acquitted him of making a criminal threat (count 2). The trial court found the jury was hopelessly deadlocked on the aggravated assault charge and declared a mistrial as to count 3. The court subsequently denied a defense motion to dismiss that count (§ 1385).

---

[1]     Statutory references are to the Penal Code.

2

Before retrial on the aggravated assault charge, the trial court found the prior conviction allegations true following a bench trial. Hicks, through appointed counsel, moved to dismiss the prior strike conviction for robbery (Case No. A021658) (§ 1385; *People v. Superior Court* (*Romero*) 13 Cal.4th 497). At the hearing on the *Romero* motion, Hicks testified he had been diagnosed and treated for cancer in 2008 and was currently attempting rehabilitation for drug addiction. At the conclusion of the hearing, the court denied the *Romero* motion. Thereafter, the court granted the People's motion to dismiss the aggravated assault charge in the interest of justice (§ 1385).

The trial court imposed an aggregate state prison sentence of seven years, consisting of six years (double the three-year upper term under the Three Strikes law) for petty theft with prior theft-related convictions plus one year for the prior prison term enhancement. Hicks received presentence custody credit of 423 days (254 actual days and 169 days of conduct credit). The court ordered Hicks to pay a $240 restitution fine, a $40 court security fee, a $30 criminal conviction assessment and a $10 fine to the theft crime prevention fund. The court also imposed and suspended a parole revocation fine pursuant to section 1202.45. Hicks timely appealed.

## DISCUSSION

We appointed counsel to represent Hicks on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On December 14, 2012, we advised Hicks he had 30 days within which to personally submit any contentions or issues he wished us to consider. We received a handwritten supplemental brief in which Hicks appears to challenge (1) the sufficiency of the evidence to support the finding he suffered a prior strike conviction in 1980 for robbery (Case No. A021658) and (2) the trial court's denial of his *Romero* motion. Although neither of Hicks's claims presents an arguable issue, pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 110, 120-121, we will address his contentions.

3

1. *There was sufficient evidence to support the finding Hicks suffered a conviction in 1980 for robbery*

In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court "must review the record 'in the light most favorable to the judgment below to determine whether it discloses substantial evidence—evidence which is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation]." (*People v. Watkins* (2012) 55 Cal.4th 999, 1019.) We defer to the trial court's factual findings if they are supported by substantial evidence. (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 917, 919.)

At the bench trial on the prior conviction allegations, the People were unable to produce a finger print card in the priors packet for the 1980 robbery (Case No. A021658). Defense counsel argued the People failed to establish Hicks's identity as the person convicted of that robbery. However, the People introduced both documentary and photographic evidence, on the basis of which the court found true beyond a reasonable doubt that it was Hicks who had suffered the 1980 robbery conviction. Viewed in its totality, the record before the court provided substantial evidence from which the court could reasonably conclude Hicks was the same individual who was convicted of robbery in case No. A021658.

2. *The denial of the Romero motion was not an abuse of discretion*

Section 1385 vests the court with discretion to dismiss a prior conviction, including a qualifying strike conviction, "in furtherance of justice." (*People v. Superior Court* (*Romero*), *supra,* 13 Cal.4th at p. 530, *People v. Williams* (1998) 17 Cal.4th 148, 158.) "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions,

4

and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams* at p. 161.)

Hicks asserts that, in denying his *Romero* motion, the trial court failed to consider as factors in mitigation that his only convictions in the last 14 years had been for drug offenses and petty thefts; that he had worked for eight years before becoming disabled in 2008; and that he had been diagnosed with two forms of cancer.

The court affirmatively considered Hicks's testimony of his cancer diagnosis and successful treatment and the age of his prior strike conviction for robbery. The court also considered Hicks's criminal history which included: a juvenile robbery and six state prison sentences; his consistently poor performance on probation and parole; his pattern of drug abuse and unsuccessful rehabilitation efforts; and the nature and circumstances of his current offense. Indeed, the court noted that although Hicks's prior strike conviction was remote, and much of his criminal history was nonviolent, the record established Hicks to be a recidivist with poor prospects for the future. As for Hick's family and employment background, the court indicated it had been provided no information to assess. ~(RT 1833-1838)~ Under such circumstances, the trial court did not abuse its discretion in concluding Hicks did not fall outside the purview of the Three Strikes law. (*People v. Williams, supra,* 17 Cal.4th at pp. 162-164; *People v. Carmony* (2004) 33 Cal.4th 367, 376.)

We have examined the entire record and are satisfied Hicks's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly, supra,* 40 Cal.4th 106, 110, 120-121; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

5

**DISPOSITION**

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

WOODS, J.